AF Approval _BLW for NHA_   Chief Approval _CB_

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 6:22-cr-98-PGB-DCI

PRESTON PERCYVILLE CRESSER

### PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by

Roger B. Handberg, United States Attorney for the Middle District of Florida,

and the defendant, PRESTON PERCYVILLE CRESSER, and the attorney for

the defendant, Karla M. Reyes, mutually agree as follows:

### A.   Particularized Terms

1.   Counts Pleading To

The defendant shall enter a plea of guilty to Counts Two and Four

of the Indictment. Count Two charges the defendant with Production of Child

Pornography, in violation of 18 U.S.C. § 2251(a). Count Four charges the

defendant with Possession of Child Pornography, in violation of 18 U.S.C.

§ 2252A(a)(5)(B).

2.   Minimum and Maximum Penalties - Count Two

Count Two carries a mandatory minimum sentence of 15 years of

imprisonment up to 30 years of imprisonment, a fine of up to $250,000, a term

Defendant's Initials _PC_

of supervised release of at least 5 years up to life, and a special assessment of $100. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

Additionally, pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and other abuse of children; (4) transportation for illegal sexual activity; or (5) human smuggling in violation of the Immigration and Nationality Act (exempting any individual involved in the smuggling of an alien who is the alien's spouse, parent, son or daughter).

The Court shall also impose an additional special assessment, pursuant to 18 U.S.C. § 2259A, of not more than $50,000 for an offense involving the production of child pornography, in violation of 18 U.S.C. § 2251(a).

3.  Maximum Penalties - Count Four

Count Four carries a maximum term of imprisonment of 10 years, a fine of up to $250,000, a term of supervised release of at least 5 years up to

Defendant's Initials _____            2

life, and a special assessment of $100. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

The Court shall also impose an additional special assessment, pursuant to 18 U.S.C. § 2259A, of not more than $17,000 for an offense involving the possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

Additionally, pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and other abuse of children; (4) transportation for illegal sexual activity; or (5) human smuggling in violation of the Immigration and Nationality Act (exempting any individual involved in the smuggling of an alien who is the alien's spouse, parent, son or daughter).

4.   <u>Elements of the Offenses</u>

The defendant acknowledges understanding the nature and elements of the offenses with which defendant has been charged and to which

Defendant's Initials    3

defendant is pleading guilty.

The elements of Count Two are:

> First:    an actual minor, that is, a real person who was less than 18 years old, was depicted;
>
> Second:    the defendant used, persuaded, induced, enticed, or coerced the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct; and
>
> Third:    the visual depiction was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer; or the visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce.

The elements of Count Four are:

> First:    the defendant knowingly possessed an item or items of child pornography;
>
> Second:    the items of child pornography had been transported, shipped, or mailed in interstate or foreign commerce; and
>
> Third:    when the defendant possessed the items, the defendant believed the items were or contained child pornography.

5.    Counts Dismissed

At the time of sentencing, the remaining counts against the defendant, Count One and Count Three, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

Defendant's Initials _____    4

6.    No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

7.    Mandatory Restitution to Victims of Offense of Conviction

Pursuant to 18 U.S.C. § 2259, defendant agrees to make restitution to known victims of the offense for the full amount of the victims' losses as determined by the Court.  Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

8.    Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement.  The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to

withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

        9.    <u>Acceptance of Responsibility - Three Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot

Defendant's Initials  _____  6

and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

      10.    <u>Forfeiture of Assets</u>

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to § 2253, whether in the possession or control of the United States, the defendant or defendant's nominees.

The assets to be forfeited specifically include, but are not limited to, the following: the Apple iPhone 11 seized from the defendant on January 14, 2022, which asset was used to commit the offenses charged in Counts Two and Four of the Indictment.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

Defendant's Initials      7

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information

Defendant's Initials _____     8

about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. The Defendant expressly consents to the forfeiture

Defendant's Initials _____       9

of any substitute assets sought by the Government. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including satisfaction of any preliminary order of forfeiture for proceeds.

Defendant's Initials           10

11.     Sex Offender Registration and Notification

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school.   Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student.   The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status.   The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**B.      Standard Terms and Conditions**

1.     Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses

Defendant's Initials _____          11

described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement.  The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013.   The special assessment is due on the date of sentencing.  The defendant understands that this agreement imposes no limitation as to fine.

2.   Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the

Defendant's Initials _____   12

conditions of release, the defendant would be subject to a further term of imprisonment.

3.    Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.    Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies.  The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.    Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United

Defendant's Initials _____    13

States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition.  The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party.  The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years.   The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.   The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

Defendant's Initials _____            14

6.      Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement.  The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office.   The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office.  Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement.  The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.      Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the

Defendant's Initials _____          15

right to appeal defendant's sentence on any ground, including the ground that

the Court erred in determining the applicable guidelines range pursuant to the

United States Sentencing Guidelines, except (a) the ground that the sentence

exceeds the defendant's applicable guidelines range <u>as determined by the Court</u>

pursuant to the United States Sentencing Guidelines; (b) the ground that the

sentence exceeds the statutory maximum penalty; or (c) the ground that the

sentence violates the Eighth Amendment to the Constitution; provided,

however, that if the government exercises its right to appeal the sentence

imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released

from his waiver and may appeal the sentence as authorized by 18 U.S.C. §

3742(a).

      8.    <u>Middle District of Florida Agreement</u>

      It is further understood that this agreement is limited to the Office

of the United States Attorney for the Middle District of Florida and cannot bind

other federal, state, or local prosecuting authorities, although this office will

bring defendant's cooperation, if any, to the attention of other prosecuting

officers or others, if requested.

Defendant's Initials _____     16

9.   Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.   Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind.   The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any).   The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of

Defendant's Initials _____       17

witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.    Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12.    Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea

Defendant's Initials _____          18

and no other promises, agreements, or representations exist or have been made

to the defendant or defendant's attorney with regard to such guilty plea.

    13.    <u>Certification</u>

       The defendant and defendant's counsel certify that this plea

agreement has been read in its entirety by (or has been read to) the defendant

and that defendant fully understands its terms.

    DATED this ___6___ day of ~~October~~ December, 2022.


ROGER B. HANDBERG
United States Attorney


Preston Percyville Cresser
Defendant

for Shannon Laurie
Assistant United States Attorney


Karla M. Reyes, Esq.
Attorney for Defendant

Chauncey A. Bratt
Assistant United States Attorney
Deputy Chief, Orlando Division


Defendant's Initials _____      19

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                        CASE NO. 6:22-cr-98-PGB-DCI

PRESTON PERCYVILLE CRESSER

PERSONALIZATION OF ELEMENTS

**Count Two**

First:      Was an actual minor, that is, a real person who was
            less than 18 years old, depicted?

Second:     Did the defendant use the minor to engage in sexually
            explicit conduct for the purpose of producing a visual
            depiction of the conduct? and

Third:      Was either (a) the visual depiction produced using
            materials that had been mailed, shipped, or transported in
            interstate or foreign commerce by any means, including
            by computer; or (b) the visual depiction actually
            transported and transmitted using any means and facility
            of interstate and foreign commerce?

Defendant's Initials           20

**Count Four**

First:      Did the defendant knowingly possess an item or items
of child pornography?

Second:    Had the items of child pornography been transported,
shipped, or mailed in interstate or foreign commerce? and

Third:     When you possessed the items, did you believe the items
were or contained child pornography?

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO. 6:22-cr-98-PGB-DCI

PRESTON PERCYVILLE CRESSER

## FACTUAL BASIS

Beginning in 2019, through at least January 2022, defendant Preston Percyville Cresser ("CRESSER" or the "defendant") engaged in a "sextortion" scheme in which he coerced multiple female minor victims to create and send him electronic images of themselves engaged in sexually explicit conduct. Using various social media accounts, CRESSER would form a pseudo-on-line relationship with the victims and entice the underage females to send him sexually explicit photographs or videos. After a victim would comply, the defendant would demand that the victim produce more images. If the victim did not want to obey, he would threaten to send the images to the victim's family or to post them on social media.

On January 14, 2022, the defendant's Apple iPhone 11 was seized in Orange County, Florida after the execution of a lawful search warrant. The iPhone was determined to be manufactured outside of the United States. A forensic analysis of the defendant's phone revealed 15 videos of child sexual

Defendant's Initials _____          22

abuse materials.  In particular, there were several live phone recordings saved on the defendant's phone which depicted females performing sexually explicit acts on themselves. Law enforcement was able to identify and locate several of the females through the social media account that was displayed on the screen during the live recording.

A review of the iPhone showed that on December 7, 2021, the defendant sent text messages to MV-1, a 13-year-old female, demanding that she perform sexually explicit acts over a video call for him.  The defendant caused MV-1 to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct and had reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce.  An excerpt from the text conversation between the defendant and MV-1 is below.

**December 7, 2021**
CRESSER: I told u when I get home to do it for me otp and u never did
CRESSER: I want u to do that but this time when u do when u get done just don't respond back to me u can go on bout your normal day
MV-1: Uhmmh
CRESSER: No arguing not posting nobody else involved
MV-1: When u mean by day can plz mean life
CRESSER: I mean for a few months til I come back
MV-1: Y
CRESSER: Cuz obviously ima keep wanting it from u and I only
MV-1: I'm just ah kid bro
CRESSER: So u finna start doing this
MV-1: Okay[…]
CRESSER: U finna start not listening and trying to get out of doing it

Defendant's Initials           23

CRESSER: I asked h not to do that
MV-1: No thts not wat I'm doing
CRESSER: U sure cuz I can get how I was last time
MV-1: I have to do it only
MV-1: One time
MV-1: Nd how long
CRESSER: Yah just once and when I done u can go on bout your day

After the conversation, MV-1 then complied with the defendant's demand and sent the defendant a video that depicts MV-1 in her bedroom masturbating. A forensic analysis of the defendant's iPhone shows an Apple Maps location in Orlando, Florida at the time of the conversation.

During an interview, MV-1 stated that she first encountered the defendant when she was over at her cousin's house for the weekend, MV-2, whose date of birth is X/XX/2005. MV-1 stated that on or about December 5, 2021, the defendant wanted MV-2 and MV-1 to engage in sexually explicit conduct or else he would post a previous video he had of MV-2 masturbating. During the encounter, the defendant texted them what sexual acts he wanted them to engage in and gave time limits to perform the sexual acts. An image was located on the defendant's phone that depicts MV-2 performing oral sex on MV-1.

Also located on the defendant's phone was a live screen recording of MV-3 who was born on XX/XX/2003. In the video, the defendant threatened MV-3 to get her to masturbate for him. He began counting down from 10 and stated

Defendant's Initials _____       24

that if she did not comply, he would send previous sexually explicit videos he had to her mother. The live screen recording depicts MV-3 masturbating in a bathroom. MV-3 stated that she met the defendant about a year or two ago on Instagram and formed an on-line relationship. MV-3 stated that she eventually blocked the defendant, however he would message her on other social media platforms demanding more sexually explicit materials.

An interview with MV- 4, who was born on XX/XX/2005, confirmed that she first met the defendant on-line on Instagram. As the contact progressed, he began to send MV-4 sexually explicit photos of himself and would ask her to send him some in return. The defendant would threaten to send previous sexually explicit photos of her to her family if she didn't comply with his demands. The text conversation was captured on the defendants iPhone.

CRESSER: Times almost up
MV-4: I had to get a chair
They sending
[video sent]
CRESSER: They better be exactly how I asked

The video depicts MV-4 inserting a hair straightener into her vagina while masturbating.

Defendant's Initials _____        25

During the time periods discussed herein, the defendant resided in the Middle District of Florida, including in Orange County. The defendant is an adult male born in February 2001. During all relevant time periods, the defendant was aware that MV-1, MV-2, MV-3, and MV-4 were less than eighteen years of age.

Defendant's Initials _____            26