UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

     v.                                CASE NO. 6:22-cr-98-PGB-DCI

PRESTON PERCYVILLE CRESSER

**UNITED STATES' SENTENCING MEMORANDUM**

The United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, files its sentencing memorandum, requesting this Court to sentence defendant Preston Percyville Cresser, ("Cresser"), to a total term of 40 years' imprisonment followed by lifetime supervised release.

The egregious nature of Cresser's offense conduct justifies the recommended sentence. For several years, Cresser took advantage of the wide reach of the internet to sextort children and coerce them to engage in sexually explicit conduct. Cresser pursued these minor females on multiple social media platforms and would form a pseudo-online relationship with them. Once Cresser obtained the sexually explicit image from a victim, he would then demand that the victim produce and send him additional images. If the victim did not want to obey, he would threaten to send the previous images to the victim's family or post them on social media. The victim, out of fear, would

1

submit to Cresser's extortion. Oftentimes, he would force the victim to Facetime with him so he could create a live screen recording of the sexual acts. Despite several of the victim's blocking him on social media, Cresser would continue to contact the victims by creating new social media accounts which he used to demand more sexually explicit images.[1]   Cresser's conduct not only impacted underage females in the Middle District, but also underage females from across the United States.

## I.        Presentence Investigation Report

On March 8, 2023, probation issued its Final Presentence Investigation Report ("PSR") as to the defendant. Doc. 58. Pursuant to the PSR, Cresser's applicable Guideline for the underlying offense is life imprisonment; he is a criminal history category I; and the applicable period of supervised release is five years up to life. *Id*. at ¶¶ 30-58. Cresser actually scores a level 46; however, in those rare instances where the total offense level is calculated in excess of 43, the offense level is treated as a level 43. Moreover, the statutorily authorized maximum sentences are less than the minimum of the applicable guidelines range; therefore the guideline term of imprisonment is 480 months. *Id.* at ¶ 97.

---

[1] A copy of the screen shots from the live screen recordings between Cresser and the minor females are attached to this pleading.

## II.    Cresser Should Be Sentenced to 40 Years in Prison

The only way to deter Cresser from sexually exploiting children is by imposing the maximum sentence.  A lengthy sentence would also promote respect for the law, provide just punishment, and afford general deterrence. Most importantly, given that Cresser's Guidelines score life, the government submits that a sentence of 40 years would adequately protect the children and the public from future crimes of the defendant.

## 18 U.S.C. § 3553 FACTORS

The Supreme Court has stated a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. *See United States v. Gall,* 128 S.Ct. 586 (2007) ("As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark").    Then, the district court should consider all of the applicable factors set forth in 18 U.S.C. § 3553(a). *See,* id. These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant" (18 U.S.C. § 3553(a)(l)); the need for the sentence imposed to reflect the seriousness of the offense, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant,  and to provide the defendant with needed correctional

treatment (18 U.S.C. § 3553(a)(2)); the Sentencing Guidelines and related Sentencing Commission policy statements (18 U.S.C. § 3553(a)(4) and (a)(S)); and the need to avoid unwarranted sentence disparities (18 U.S.C. § 3553(a)(6)).

### A. Nature and Circumstances of the Offense

Child sex crimes are among the most egregious criminal offenses. *United States v. Sarras*, 575 F.3d 1191, 1220 (11th Cir. 2009).   As the Eleventh Circuit has recognized, moreover, sex crimes against children cause "substantial and long-lasting harm."   *United States v. Mozie*, 752 F.3d 1271, 1289 (11th Cir. 2014).

Cresser took advantage of at least six victims across the United States.[2] Cresser pressured, coerced, and extorted these victims into sending him videos of them performing sexual acts on themselves or others. This predatory behavior was something Cresser did regularly with his victims.

The messages between Cresser ("Prince Knight") and 13-year-old, MV-1, demonstrate the defendant's callous attitude towards the minor victim and his continued pressure for MV-1 to perform as he requested. (Ex. 1). Of particular concern, during the chats, Cresser begins to negotiate how long MV-

---

[2] The Case Agent identified hundreds of sexually explicit images of what appears to be minor females located on the defendant's phone. However, agents were unable to identify the females in the images or determine their ages.

1 has to masturbate for him. (Ex.1, pg. 11-13). Cresser proceeds to tell her exactly how he wants MV-1 to do the sexual act and if she doesn't comply threatens to post a previous image and send it to her mom. (Ex. 1 pg. 14-15). Cresser was fully aware that MV-1 was a child. Armed with this knowledge, Cresser still pursued MV-1 and continued to extort her.

Another significant conversation is with MV-3, where Cresser is screen recording their Facetime conversation. Throughout the live screen recording, MV-3 is masturbating for Cresser. When MV-3 no longer wishes to comply, Cresser can be seen accessing his photos where he had previously saved sexually explicit videos of MV-3. Cresser extorts MV-3 by threatening to send the videos to her mother if she doesn't submit to his sexual demands. Cresser then proceeds to give a countdown for MV-3 to obey. (Ex. 2).

Further, in a live screen recording involving MV-4, Cresser is seen using the same tactics that he used on his other victims. During the conversation he tells MV-4 "times almost up" and that the sexual act "better be exactly how I asked". (Ex. 3).   MV-4 complied and sent Cresser several videos.

The evidence in this case shows that Cresser is a dangerous predator willing and ready to exploit vulnerable children. Cresser routinely used tactics of control on his victims, making his victims feel as though they had no other choice but to comply with his demands. Refusing to take no for an answer, if a

victim blocked him on social media, he would either contact them on another platform or use a different username to reach back out to them. This dangerous behavior requires a significant sentence in prison.

## B. History and Characteristics of the Defendant

Cresser's history and characteristics also weigh in favor of a 40-year sentence. Cresser's conduct spanned approximately two years and across three states, which helps demonstrate his characteristics toward victimization of children. In addition, while Cresser has no prior criminal convictions, he was previously arrested at the age of 17 for Aggravated Stalking with a Credible Threat and Battery. Doc. 58 at ¶ 63.   In addition, in 2021, he was also arrested for carrying a concealed firearm.   That case was eventually nolle pros in state court. *Id.* at 64.

The prior stalking arrest suggests a similar characteristic when compared with the conduct of his current offenses. This requires a serious intervention to protect the community. A sentence of 40 years imprisonment is necessary to recognize the victims harmed by Cresser's conduct, to restore public confidence, respect for our laws, and to address Cresser's exploitive behavior. Accordingly, there is a strong need to impose a severe sentence that will serve as a warning to Cresser and individuals considering similar conduct.

## C. Need to Protect the Public from Further Crimes of the Defendant

There is a strong need to protect the public from further crimes of the defendant. Children have gradually become easier to access via the internet, and Cresser's relatively young age and computer savviness would allow him to continue to reach victims all across the United States. *United States v. Allison*, 447 F.3d 402, 405-06 (5th Cir. 2006) ("Congress explicitly [has] recognized the high rate of recidivism in convicted sex offenders, especially child sex offenders."); *see also United States v. Pugh*, 515 F.3d 1179, 1201 ("As Congress has found and as we have discussed, child sex offenders have appalling rates of recidivism and their crimes are under-reported.").   A term of 40 years' imprisonment is the mechanism available to the court to protect the public from further crimes of the defendant.

## D. Defense Objections

Defense objects to the application of the Chapter Four Enhancement-Repeat and Dangerous Sex Offender Against Minors under USSG § 4B1.5(b)(5). This enhancement applies a five-level increase to Cresser's guidelines. Doc. 58 at ¶ 55.   USSG § 4B1.5(b)(5) requires that the defendant engage in a pattern of prohibited sexual conduct on at least two "separate occasions." USSG § 4B1.5 cmt. n.4(B)(i). It is clear that Cresser has engaged in a pattern of prohibited sexual conduct with multiple victims.   Text messages

and victim statements revealed that on at least four occasions Cresser enticed his victims to produce child pornography. On December 5, 2021, Cresser caused MV-1 and MV-2 to engage in sexual acts with each other. Doc. 54 at ¶ 21. MV-1 stated Cresser extorted MV-2 and MV-1 to engage in sexually explicit conduct or else he would post a previous video he had of MV-2 masturbating. An image was located on Cresser's phone that depicts MV-2 performing oral sex on MV-1. *Id.* Cresser then used the December 5, 2021 incident, to sextort MV-1 into producing additional child pornography on December 7, 2021. (Ex. 1). Further, as detailed above, during two other incidences, Cresser caused MV-3 and MV-4 to produce a live screen recording and/or video of themselves masturbating. Cresser's multiple criminal encounters should permit the five-level enhancement under USSG § 4B1.5(b)(5).

## E. Conclusion

Cresser is a predator. His actions demonstrate that he intended to pressure, threaten, and exploit children into producing and sending him child pornography. Cresser's sentence should fairly account for the scope of his criminal endeavors, his behavior, abusive nature, acknowledge the harm that he has caused to the victims, and acknowledge the ramifications of his actions. Cresser's freedom and autonomy are incompatible with the safety of children in our community. For the aforementioned reasons, the United States respectfully

requests that this Court issue a 40-year sentence to be followed by a lifetime of supervision.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By:   */s/ Shannon Laurie*
Shannon Laurie
Assistant United States Attorney
Florida Bar No. 0102711
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone:   (407) 648-7500
Facsimile:    (407) 648-7643
E-mail: Shannon.laurie@usdoj.gov

**U.S. v. Preston Percyville Cresser          Case No. 6:22-cr-98-PGB-DCI**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on March 30, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Karla M. Reyes, Esq.

*/s/ Shannon Laurie*
Shannon Laurie
Assistant United States Attorney
Florida Bar No. 0102711
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone:   (407) 648-7500
Facsimile:    (407) 648-7643
E-mail: Shannon.laurie@usdoj.gov