UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                     Case No. 6:22-cr-98-PGB-DCI

PRESTON PERCYVILLE CRESSER,

    Defendant.
_____/

## SENTENCING MEMORANDUM

The Court is tasked with the unenviable job of considering seven different factors before imposing a reasonable sentence. Through counsel and pursuant to 18 U.S.C. §§ 3553 and 3551, Preston Cresser submits this memorandum in support of his request for a 15-year term of imprisonment.

1. **THE NATURE AND CIRCUMSTANCES OF THE OFFENSE AND THE HISTORY AND CHARACTERISTICS OF MR. CRESSER (18 U.S.C. § 3553(a)(1))**

    A. **The nature and circumstances of the offense—while incredibly serious, regrettable, and offensive—favor a sentence less than the advisory guideline sentence of life for a 22-year-old boy.**

The first factor includes the nature of the offenses which shock the conscience. As the Court is apprised in the various documents including the indictment (Doc. 1), the plea agreement (Doc. 45), the offense conduct in the presentence investigation report (Doc. 58), and the government's sentencing

1

memorandum (Doc. 62), undersigned counsel will not repeat the regrettable conduct. Indisputably, the lives of MV-1, MV-2, MV-3, MV-4 will be impacted forever.

Upon his first contact with law enforcement, Mr. Cresser cooperated and confessed to the Federal Bureau of Investigation. In considering the nature and circumstances of the offense, the Court should weigh Mr. Cresser's cooperation with law enforcement.

Mr. Cresser remains remorseful and ashamed for his conduct and has done what he has been able to do to start making amends. In fact, months ago Mr. Cresser offered to cooperate with opposing counsel. Not only did this offer show a willingness for Mr. Cresser to accept responsibility but to assist the government. Opposing counsel declined that offer, stating that the only acceptable sentence would be a maximum statutory sentence.

One of the seven factors of sentencing includes not only the nature and circumstances of the offense(s) but the history and characteristics of the offender. As a minister of justice, the prosecutor is tasked to set aside emotion and seek justice. However, its position remained unchanged from Mr. Cresser's initial appearance in federal court. True to its word, the government filed its sentencing memorandum advocating for a maximum statutory sentence of 40 years for a 22-year-old with no prior criminal history who pled guilty prior to trial with a plea agreement with an appeal waiver. Doc. 62.

>   B. **The history and characteristics of Mr. Cresser compel a sentence other than 40 years.**

Mr. Cresser's decision-making skills are lacking due to his early childhood adverse experiences which inhabited his ability to learn pro-social skills. His mother was 16 years old when she had Mr. Cresser and was not a fit parent as seen in the DCF records provided under seal for this Court's consideration. As a child, Mr. Cresser could not control the unloved environment he grew up in and he could not control the female adult women who failed him over and over again. His mother and great grandmother were abusive and unkind to him. He did not have his father in his life. He grew up poor, hungry, and sometimes even homeless. However, Mr. Cresser is a man now and he must begin to heal and part of the healing must include a 15-year term of imprisonment based on the awful judgment he employed in this case. Mr. Cresser strongly regrets his actions. The Court is asked to consider not only the egregious conduct in this case and the impact on MV-1, MV-2, MV-3, and MV-4 but the history that brought him before the Court. The history is not being offered as an excuse for the criminal conduct.

2.  **THE NEED FOR THE SENTENCE IMPOSED**

>   A. **A mandatory-minimum sentence—which calls for a significant term of imprisonment—to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A)).**

As this Court considers the appropriate sentence to impose, it is essential to emphasize that Mr. Cresser has no prior criminal history. PSR at ¶¶ 60-62. Any prison sentence would be a particularly harsh punishment for Mr. Cresser who has never been incarcerated prior to this case. In addition to imprisonment, Mr. Cresser will forever be required to register as a sex offender, with the publication of that information to the community where he resides, as well as to the entire world given the availability of the sex offense registration on the Internet. Also, because of the instant case, Mr. Cresser will be a convicted felon. The Court should consider the additional penalties and hardships that will accompany Mr. Cresser's felony conviction. Based on his convictions, Mr. Cresser will face an overwhelming number of collateral consequences.

The 40-year term of imprisonment as called for in the guidelines is not necessary to reflect the seriousness of the offense, to promote respect for the law, or to provide just punishment. A 15-year term of imprisonment is more than adequate punishment for a 22-year old man with no prior criminal history. And the biggest form of punishment will be the convicted felon status and consequent collateral consequences that Mr. Cresser will have for the rest of his life. The totality of that punishment is just and does reflect the seriousness of the offense.

## B. To Afford Adequate Deterrence to Criminal Conduct (18 U.S.C. § 3553(a)(2)(B))

The issued raised by this § 3553 factor is whether a fifteen-year prison sentence, as well as the significant collateral consequences of Mr. Cresser's conviction, provides adequate deterrence to criminal conduct or whether additional time as promoted by the sentencing guidelines is necessary to achieve this goal. For many of the same reasons, a prison term over fifteen years is also not necessary to "afford adequate deterrence to criminal conduct" as Mr. Cresser is a first-time, nonviolent offender. A punishment of imprisonment is not necessary to further the § 3553 factor of general deterrence since there is no correlation between punishment and reductions in crime. The United States Department of Justice agrees with the conclusion that incarcerating defendants is not an effective means of deterrence. *See* U.S. Dept. of Justice, Nat'l Inst. of Justice, *Five Things About Deterrence* (May 2016). In fact, the Department of Justice finds that even increasing the severity of punishment does little to deter punishment. *See id*. In the absence of a deterrent effect, Mr. Cresser submits that this factor does not impact his request for a 15-year term of imprisonment.

## C. To Protect the Public From Further Crimes of Mr. Cresser (18 U.S.C. § 3553(a)(2)(C))

Mr. Cresser's 15-year term of imprisonment, lack of criminal history, age, and his subsequent term of supervised release support the conclusion

5

that—with the combination of familial, community, and societal support (as will be provided by the United States Probation Office)—he is unlikely to re-offend, and thus the public would be sufficiently protected.

For sex offenders, cognitive behavioral therapy, which this Court can order as part of Mr. Cresser's sentence, substantially reduces recidivism. United States Department of Justice, Center for Sex Offender Management, *Understanding Treatment for Adults and Juveniles Who Have Committed Sex Offenses* 10 (2006). As the Sentencing Commission has reported, recent studies show that "appropriate 'treatment interventions . . . are associated with lower rates of recidivism – some of them very significant.'" Sentencing Commission report at 278 & n. 31 (citing a project funded by the Department of Justice).

### D. To Provide Mr. Cresser With Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner (18 U.S.C. § 3553(a)(2)(D))

Finally, a lengthy prison term is not necessary "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D). In his requested 15-year term of imprisonment, he will be able to obtain his high school education and complete vocational training. Mr. Cresser does not currently have any issues that require intensive or specialized care.

### 3. The Kinds of Sentences Available (18 U.S.C. § 3553(a)(3))

Because a mandatory minimum sentence applies in Mr. Cresser's case, the Court must sentence him to a fifteen-year term of imprisonment on count two, which coincides with his requested sentence.

### 4. The Sentencing Range Established by the Sentencing Commission; Any Pertinent [Sentencing Commission] Policy Statement… (18 U.S.C. § 3553(a)(4-5))

The Court should find Mr. Cresser's guideline range, specifically U.S.S.G. § 2G2.2, was not developed and finalized by the United States Sentencing Commission in its distinctive, institutional role of basing its determinations on empirical data and national experience, especially in light of the Sentencing Commission's 2012[1] report (and its amended reports in January 2019 and June 2021). The Sentencing Commission's Congressional Report in 2012 demonstrates the failure of the child pornography guidelines.

### CONCLUSION

As the foregoing establishes, the unique circumstances presented in Mr. Cresser's case warrant a variance below the applicable guideline range. Mr. Cresser requests this Court sentence him to a 15-year term of imprisonment

---

[1] United States Sentencing Commission. *Report to the Congress: Federal Child Pornography Offenses*, Dec. 2012 *available at* http://www.ussc.gov/news/congressional-testimony-and-reports/sex-offense-topics/report-congress-federal-child-pornography-offenses; cf. *U.S. v. Pugh*, 515 F.3d 1179, fn. 15 (11th Cir. 2008).

on count two and a reasonable term of imprisonment on count four, both to run concurrently, followed by a term of supervised release

**WHEREFORE**, Mr. Cresser humbly requests a sentence of no more than fifteen years' imprisonment, followed by a term of supervised release.

## CERTIFICATE OF SERVICE

I Hereby Certify that undersigned electronically filed the foregoing *Sentencing Memorandum* with the Clerk of Court (CM/ECF) by using the CM/ECF system, which will send a notice of electronic filing to Shannon Laurie, Assistant United States Attorney, this the 30th day of March 2023.

> Respectfully submitted,
>
> A. FITZGERALD HALL, ESQ.
> FEDERAL DEFENDER
>
> *s/Karla M. Reyes*
> Karla M. Reyes
> Assistant Federal Defender
> Florida Bar No.0072652
> 201 S. Orange Avenue, Suite 300
> Orlando, FL 32801
> Telephone: 407-648-6338
> Fax: 407-648-6095
> E-Mail: karla_reyes@fd.org
> Counsel for Mr. Cresser